IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

STEPAN BOTSVYNYUK,

                        Petitioner,

  v.                                                 OPINION and ORDER

WARDEN E. EMMERICH,                        25-cv-135-wmc

                        Respondent.
_____

Representing himself, petitioner Stepan Botsvynyuk seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence by the United States Bureau of Prisons ("BOP"). (Dkt. #1.) Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), which would shorten the length of his imprisonment. Respondent has filed a response, arguing that petitioner has not exhausted administrative remedies as required. (Dkt. #10.) Respondent also presents evidence showing that petitioner is under a final order of removal and, as a result, he is not eligible for First Step Act time credits. (Dkt. #11-2.) After considering all of parties' submissions and the applicable law, the petition will be denied and this case will be dismissed for the reasons explained below.

OPINION

Petitioner, who is a native and citizen of Ukraine, is currently serving a 240-month prison sentence at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), as the result of a 2012 conviction from the United States District Court for the Eastern District of Pennsylvania for participating in a racketeering conspiracy. (Dkt. #1-2, at 2.) His projected

release date is August 25, 2027.  Petitioner argues, however, that he would be entitled to earlier release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs").  The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release through successful participation in "evidence-based recidivism reduction programs or productive activities[.]"  18 U.S.C. § 3632(d)(4)(C).

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241).  To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies.  *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

Petitioner concedes that he did not exhaust administrative remedies, but argues that he should be excused from doing so because it would be futile to try.  (Dkt. #13, at 2.)  The general belief that the administrative process would not succeed is not an excuse to not take that step.  *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").  Therefore, the petition is subject to dismissal for lack of exhaustion.

In addition, the petition is also without merit. Exhibits provided by respondent show that a "Final Administrative Removal Order" issued against petitioner on December 3, 2024. (Dkt. #11-2, at 2). Prisoners who are under a final order of removal are expressly excluded from eligibility for FTCs under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Petitioner contends that his removal order is procedurally deficient because neither the Department of Homeland Security nor U.S. Immigration and Customs Enforcement served him in person or complied with regulations set forth in 8 C.F.R. § 238.1. (Dkt. #13, at 3-4.) Petitioner argues, therefore, that his final order of removal is "constitutionally invalid" and should be rejected. (*Id*. at 8-9.) Any challenge to the validity of petitioner's removal order in district court is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather a petition for review with the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means for judicial review[.]" 8 U.S.C. §§ 1252(a)(5), 1252(b)(2). Unless and until petitioner prevails in proceedings before the immigration courts or a court of appeals, his order of removal remains valid. As a result, petitioner fails to show that FTCs apply to shorten his term of imprisonment or that his sentence has been calculated incorrectly. Because he is not entitled to relief under 28 U.S.C. § 2241, his petition must be denied.

3

ORDER

IT IS ORDERED that:

1. The habeas corpus petition filed by Stepan Botsvynyuk (dkt. #1) is DENIED.

2. This case is DISMISSED with prejudice.

3. Petitioner's motion to expedite (dkt. #14) and motion to withdraw (dkt. #16) are MOOT.

Entered on this 18th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge